STATE, EX REL. JAMES H. ELMENDORF, v. THE BOARD
OF FINANCE AND MAYOR AND ALDERMEN OF JERSEY
CITY.

A writ of *mandamus* will not be allowed to enforce the payment, by the
city of Jersey City, of an amount awarded by the report of a referee
appointed by a judge and confirmed by him, by statute, for work done
outside of a contract for a public improvement. The legal remedy is
by action on the award.

On petition and rule to show cause why a *mandamus* should
not issue.

The facts in this case appear in *Schumm* v. *Seymour et al.*,
9 *C. E. Green* 143, in Chancery, May Term, 1873. The
street commissioners of Greenville, afterwards made a part
of Jersey City, contracted with the relator to do work and
furnish materials for the improvement of a street in said
township, called the New Bergen road. Included in the total
cost, were materials and work not specified in the proposals or
bids, or in the contract pursuant to them, but subsequently
ordered by the commissioners during the progress of the con-
tract work. Proceedings were had in equity by a land
owner, assessed for a part of the expense of improvement, to
restrain the collection of the cost of the extra and illegal work,
and to obtain reductions from the contract price, for alleged
non-compliance with the contract, for filling, stone, flagging,
curbing, &c. The former was enjoined, and the reductions
claimed were allowed, May 13th, 1878, on final decree.

While the reference was pending in the Court of Chancery,
an act of the legislature was passed April 9th, 1875, as a sup-
plement to the act to re-organize the local government of
Jersey City, requiring the justice of the Supreme Court of
that circuit to appoint a referee to ascertain the amount of
work done and materials furnished in the above case, which
were not duly advertised and contracted for in the manner
prescribed by law, who should report, and upon confirmation

of the report by said justice, the amount should be paid by said city of Jersey City, in like manner as if due advertisement and contract had been made in the premises. It was provided that the city should not pay the amount until the completion of the above suit in Chancery.

The second section enacted that the sum so ordered shall be included in the cost of the improvement above mentioned, and assessed and collected as the other parts of the costs and expenses of such improvement shall be assessed and collected.

The referee was appointed under the law, and made a final report October 25th, 1876, that there was due the relator $17,920.95. This report was confirmed by the justice of the Circuit Court October 26th, 1876, and the above sum, with interest thereon from the 15th day of July, 1876, was ordered to be paid to said James H. Elmendorf by the city of Jersey City, according to the statute in such case made and provided.

June 9th, 1878, a demand was made on the board of finance of Jersey City, and subsequently on the mayor, for payment of the amount of this report, and it was refused. A rule to show cause why a *mandamus* should not issue, commanding the payment of said sum, was granted, and on its return the motion is made to make the rule absolute.

Argued at February Term, 1879, before Justices SCUDDER, DALRIMPLE and DEPUE.

For the relator, *John Linn.*.

For the respondents, *H. Traphagen.*

The opinion of the court was delivered by

SCUDDER, J.   The statute of 1875, above cited, is designed to provide a way by which the relator may obtain payment from the city of Jersey City for his work and materials put upon the New Bergen road, formerly in the township of Greenville, which work and materials were not duly advertised and contracted for in the manner prescribed by law.  To

effect this purpose, it directs the appointment, by the justice of the Supreme Court of that circuit, of a referee, who, if it appears to his satisfaction that such work and materials were furnished on such road by the order of any lawfully constituted board or engineer, shall order such sum paid as shall be just and reasonable; and the money so ordered to be paid shall, upon confirmation of the report of the referee by said judge, be paid by said city, &c.

The referee has made his report, the judge has confirmed it, and, on demand, the city has refused to pay. The question now is, what is the legal remedy to enforce payment?

The relator asks the privilege to use the prerogative writ of *mandamus*.

In *State, ex rel. Little,* v. *Township Committee of Union Township,* 8 *Vroom* 84, this court decided that a *mandamus* is not the proper remedy to enforce the payment of moneys due from a municipal corporation for work and labor; but the court said that if a statute should direct an ascertained sum of money to be paid to an ascertained person by the authorities of a township or other political precinct, the process in question might be used to coerce such payment in case of default.

The sum demanded in this case was not ascertained prior to or in the remedial act, but it is to be found by a referee, and upon his report and its confirmation by a justice of this court, the sum shall be paid. This is but the appointment of a tribunal outside of the regular courts of law to settle a sum to be paid.

It does not therefore differ in substance from the case of *Cleveland* v. *Board of Finance of Jersey City,* 10 *Vroom* 629, which holds that where the legal right to recover is not clear on the face of the statute, and the applicant has a proper and adequate legal remedy, he shall not use the extraordinary remedy by *mandamus*.

This report and confirmation stand in no better legal position than an award made by arbitrators by like legislative authority, and the relator may bring his action upon the re-

port of the referee as an award made under the statute. It may be convenient to resort to short and summary methods to obtain money to which the relator thinks he is entitled for his work and labor, but this court has not been swift to enforce such questionable claims against municipalities, and while due effect will be given to all legislation for the relief of contractors who have lost their remedy to recover for work and labor by restrictions of the charter of a municipality, yet we do not feel willing to give, in this case, a more liberal and effective remedy than the statute has provided.

The relator has an adequate remedy by an ordinary action, and must use it, while the defendants can also be heard on the objections that have been here made to the constitutionality of the act of 1875.

The writ is refused, and the rule to show cause discharged, with costs.